UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THEORA HUNT AND COREY HUNT | * | CIVIL ACTION NO. |
| Plaintiffs | * | |
| VERSUS | * | JUDGE |
| | * | |
| ALLIED TRUST INSURANCE | * | |
| COMPANY | * | MAGISTRATE JUDGE |
| Defendant | * | |

* * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

TO:   The Honorable Judges and The Honorable Clerk of this Court
United States District Court
Eastern District of Louisiana

NOW INTO COURT, through undersigned counsel, comes **Allied Trust Insurance Company, (hereinafter referred to as "Allied")** sought to be made Defendant in this matter, who, on reserving all rights and defenses, including, but not limited to, all defenses contained in Rule 12 of the Federal Rules of Civil Procedure and/or the Louisiana Code of Civil Procedure, respectfully represents that it desires to remove this action from the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, and that removal on the grounds of diversity of citizenship is proper for the reasons stated below:

1.

This action arises out of an insurance claim. Plaintiffs, Theora Hunt and Corey Hunt, are the owners of a property located at 174 Cypress Lake Drive, Slidell, Louisiana 70458, and insured by Defendant, Allied Trust Insurance Company.

2.

Plaintiffs instituted this proceeding on or about May 2, 2022, in the 22nd Judicial District Court, Parish of St. Tammany, State of Louisiana, entitled "Theora Hunt and Corey Hunt versus Allied Trust Insurance Company", Case No. 2022-11860. A copy of the Petition for Damages ("Petition") from the 22nd Judicial District Court, Parish of St. Tammany, State of Louisiana is attached hereto with all pleadings filed in the District Court as Exhibit "A", *in globo*.

3.

In the Petition, Plaintiffs named as Defendant Allied Trust Insurance Company, described as a foreign insurance company authorized to do and doing business in the State of Louisiana.

4.

Plaintiffs' claims arise out of their contract of insurance with Allied and alleged property damage caused by Hurricane Ida on or about August 29, 2021.

5.

Plaintiff makes claims under La. R.S. §§ 22:1892 and 22:1973. These statutory provisions apply to the insurer and set forth their duty in adjusting claims and the penalties for acting arbitrarily and capriciously or failing to act in good faith.

6.

Plaintiff requested service of process on Allied on the date of filing. Allied was served with the Citation and Petition on or about June 2, 2022 through the Secretary of State, R. Kyle Ardoin. Therefore, this Notice of Removal is timely as it is being filed within thirty (30) days of Allied's receipt of the State Court proceeding and is in compliance with 28 U.S.C. § 1446 (b). This Notice of Removal is filed less than one year after commencement of the action in State Court.

7.

This Court has jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441(a) and (b). There is complete diversity as to all parties and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

8.

Venue is proper in this claim pursuant to 28 U.S.C. § 1391 as "a substantial part of the events or omissions giving rise to the claim occurred" in the Eastern District of Louisiana and "a substantial part of property that is the subject of the action is situated in this district. In particular, the property here at issue is located in St. Tammany Parish, Louisiana.

9.

Pursuant to 28 U.S.C. § 1446 (a), attached hereto as Exhibit "A" *in globo* are all pleadings filed in the record of the State Court pleadings. Further, pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that he has read the foregoing Notice of Removal, that, to the best of his knowledge, information and belief formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law or good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation.

10.

Plaintiff alleges to be domiciled in the State of Louisiana. *See* Petition, Paragraph 1. Allied is a foreign insurer domiciled in the State of Texas with its principal place of business in Tampa, State of Florida. *See* Exhibit "B".

11.

In accordance with Louisiana law, the Petition does not specify the total amount of damages sought. However, the Petition states that Defendant is liable to Plaintiffs under the insurance policy in the amount of $106,313.69. *See* Exhibit "A" *in globo*, Petition, Paragraph 14, page 3. Further, the Petition alleges that Defendant is liable for statutory penalties, attorney fees, and damages pursuant to La. R.S. §22:1892 (providing for a penalty equal to 50% of untimely payments) and La. R.S. §22:1973 (providing for a penalty equal to double the sustained damages). *See* Exhibit "A" *in globo*, Petition, Paragraphs 30-39, pages 5-6.

12.

Allied denies that any additional amounts are due under the policy, and further denies that it acted in bad faith or in an arbitrary, capricious manner or that any penalties are owed. Nevertheless, the penalties, damages and amounts sought by Plaintiff are properly considered for purposes of determining the amount in controversy. *See Albardado v. State Farm Mut. Auto Ins. Co.,* No. 91-2036, 1991 WL 165733, (E.D. La. Aug. 20, 1991); *Daniels v. Metropolitan Prop. & Cas. Ins. Co.,* No. 03-1900, 2003 WL 22038371 (E.D. La. Aug. 15, 2003); *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3rd 1250 (5th Cir. 1998); *Pardue v. River Thames Ins. Co.,* 651 F.Supp 143, 144 (M.D. La. 1986) (penalties for arbitrary and capricious non-payment of insurance claims included when calculating jurisdictional amount in controversy.)

13.

Considering all alleged damages and statutory penalties, the amount in controversy exceeds $75,000.00, and diversity jurisdiction is properly invoked.

14.

For the reasons stated above, Allied desires and is entitled to have this cause removed from the 22nd Judicial District Court, Parish of St. Tammany, to the United States District Court, for the Eastern District of Louisiana—the United States judicial district in which the state court lawsuit is pending.

15.

Allied has sought no similar relief with respect to this matter.

16.

The prerequisites for removal under 28 U.S.C. § 1441 have been met.

17.

Promptly upon serving this Notice of Removal, written notice thereof is being given to the adverse parties as required by law (*see* Notice of Filing of Notice of Removal, attached as Exhibit "A", *in globo*).

18.

Allied files this Notice of Removal without waiving any defenses available to it, including, but not limited to, defenses available to it under Rule 12 of the Federal Rules of Civil Procedure and/or Louisiana Code of Civil Procedure.

19.

The allegations of this Notice of Removal are true and correct, and this cause is within the jurisdiction of the United States District Court for the Eastern District of Louisiana.

WHEREFORE, Defendant, **Allied Trust Insurance Company**, hereby files this Notice of Removal and removes this civil action to the United States District Court for the Eastern

District of Louisiana. Plaintiff is notified to proceed no further in the State Court case unless this case should be remanded by Order of the United States District Court.

           Respectfully submitted:

           */s/ Kevin P. Riché*
           **MATTHEW D. MONSON (25186)**
           **JOHN C. HENRY (18948)**
           **KEVIN P. RICHE (31939)**
           **RACHEL L. FLARITY (33131)**
           **JOHN D. MINEO, IV (36587)**
           **LAUREN A. LAM (37758)**
           **KYLE C. MATTHIAS (38338)**
           **PEYTON L. STEIN (39400)**
           **THE MONSON LAW FIRM, LLC**
           900 W. Causeway Approach, Suite A
           Mandeville, Louisiana 70471
           Telephone:  (985) 778-0678
           Facsimile:  (985) 778-0682
           Email: *Matthew@MonsonFirm.com*
           Email: *Kevin@MonsonFirm.com*
           ***Counsel for Defendant,***
           ***Allied Trust Insurance Company***

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all counsel of record via electronic mail, by the United States District Court for the Eastern District of Louisiana, this 24th day of June, 2022.

           */s/ Kevin P. Riché*